**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMER JON BUCKARDT, | No. 10-72898 |
| Petitioner - Appellant, | Tax Ct. No. 27949-07 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Elmer Jon Buckardt appeals pro se from the Tax Court's decision upholding

the Commissioner of Internal Revenue Services's ("Commissioner") notices of

deficiency against him for tax years 2003, 2004, and 2005.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions, *Ann Jackson Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th Cir. 1994), and for clear error its factual determinations, *Hansen v. Comm'r*, 471 F.3d 1021, 1028 (9th Cir. 2006). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determinations because Buckardt failed to establish that the funds he stipulated to receiving during each relevant year were not subject to taxation under the Tax Code. *See Hawkins v. United States*, 30 F.3d 1077, 1079 (9th Cir. 1994) ("An accession to wealth . . . is presumed to be taxable income, unless the taxpayer can demonstrate that it fits into one of the Tax Code's specific exemptions.").

The Tax Court properly upheld the Commissioner's addition to taxes for Buckardt's failure to timely file required tax returns for all three years and for his failure to pay estimated taxes for 2004 and 2005. *See* 26 U.S.C. § 6651(a)(1) (authorizing penalty not to exceed 25% of taxes owed for failure to file timely tax returns unless the failure was "due to reasonable cause and not due to willful neglect."); *id.* § 6654(a) (imposing mandatory additions to tax for failing to pay estimated quarterly tax payments).

Buckardt's remaining contentions are unpersuasive.

The IRS's motion for sanctions against Buckardt for pursuing a frivolous

appeal is denied. *See* 28 U.S.C. § 1912; Fed. R. App. P. 38.

**AFFIRMED.**